# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**TYRONE ELLIS**   **PLAINTIFF**

**v.**   **5:16-CV-00100-BSM-JTR**

**GORDON DAVIS, Nurse,**
**Correct Care Solutions**   **DEFENDANT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States Chief District Judge Brian S. Miller. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received in the office of the United States District Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

## I. Introduction

Plaintiff Tyrone Ellis ("Ellis"), proceeding *pro se*, contends that while detained in the Arkansas Department of Correction ("ADC"), he was denied constitutionally adequate medical care by Defendant Gordon Davis ("Nurse Davis"), a Licensed Practical Nurse ("LPN") with Correct Care Solutions. *Docs. 2 & 21*. More specifically, Ellis contends that during a 26-day period between December 24, 2014 and January 19, 2015, Nurse Davis delayed his treatment for stomach issues caused by his prescribed medication. Ellis sues Nurse Davis solely in his personal capacity.

Ellis seeks $250,000 in damages, injunctive relief, and a transfer to the Tucker Max Unit of the ADC.

Nurse Davis has filed a Motion for Summary Judgment, a Brief in Support, a Statement of Undisputed Facts, and a Reply. *Docs. 42-44; 48.* Ellis has filed a Brief and an "Objection" in opposition. *Docs. 46-47.*[1]

Before addressing the merits of Nurse Davis's Motion, the Court will summarize the relevant undisputed facts giving rise to Ellis's claims.[2]

---

[1] Ellis's filings primarily relate to exhaustion of his administrative remedies. (*See also Docs. 55, 58*). However, there is no exhaustion issue before the Court. Thus, Ellis's exhaustion-related arguments and legal citations are irrelevant to the resolution of summary judgment.

[2] Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v.*

2

1. On December 24, 2014, Ellis was examined by Nurse Davis, the triage duty nurse in the sick call clinic, in response to his sick call request complaining of right ear pain and drainage.[3] During the examination, Ellis also mentioned that he was suffering from an upset stomach and loose stools which Ellis believed was caused by a prescription supplement, alpha lipoic acid.[4] To address Ellis's complaints of abdominal discomfort, Nurse Davis referred Ellis to be seen by a doctor or Advanced Practice Nurse ("APN"). (Ellis Depo., *Doc. 43-2 at 15-16; 18-19*; Treatment Notes, *Doc. 43-1 at p. 2*; Davis Aff., *Doc. 43-3*).

2. After seeing Ellis on December 24, 2014, Nurse Davis had no further contact with him regarding his medical care. (*Doc. 43-3*).

3. After his appointment with Nurse Davis on December 24, 2014, Ellis submitted two sick call requests to "see the doctor." On January 7, 2015, a non-party LPN responded that Ellis had been referred to see a doctor or APN and was "on the list to be seen." (*Doc. 43-1 at 3-4*).

---

*Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once that has been done, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

[3] As Ellis concedes, his treatment for ear pain is not an issue in this case. (Ellis Depo., *Doc. 43-2 at 8-9, 17-18*).

[4] Alpha lipoic acid is a naturally occurring antioxidant found in the body. In a supplemented form, it may reduce neuropathic pain. (Dr. Stieve Aff., *Doc. 43-4 at 1*).

3

4. On January 19, 2015, Ellis was examined by a non-party APN, who directed Ellis to discontinue the alpha lipoic acid and ordered Nortriptyline to treat Ellis's complaints of neuropathy. (Ellis Depo., *Doc. 43-2 at 35-36*; *Doc. 43-4*).

5. Nurse Davis does not know why his December 24, 2014 referral of Ellis to see an APN or doctor was not acted upon until January 19, 2015. (*Doc. 43-3*).

6. In the medical opinion of Dr. Jeffrey Stieve, the Regional Medical Director for Correct Care Solutions, Ellis's loose stools and upset stomach were caused by him taking alpha lipoic acid, a dietary supplement that needed to be taken with food. According to Dr. Stieve, Ellis's abdominal discomfort did not rise to the level of a serious medical need. (Dr. Stieve Aff., *Doc. 43-4, at 1-2*). Finally, Dr. Stieve states that the medical care and treatment Nurse Davis provided to Ellis was appropriate and satisfactory for Ellis's complaints during the relevant period of time. (*Id.*).

## II. Discussion

Nurse Davis, the sole Defendant in this case, only treated Ellis once, on December 24, 2014. Ellis has no complaint about the assessment and treatment Nurse Davis provided to him on December 24, 2014. Ellis's only complaint is the 26-day delay between seeing Nurse Davis and the time it took for Nurse Davis's referral to result in him seeing an APN on January 19, 2015.

To prevail on his inadequate medical care claim, Ellis must prove that: (1)

he had an objectively serious need for medical care; and (2) Nurse Davis subjectively knew of, but deliberately disregarded, that serious medical need. *See Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010). Deliberate indifference, which goes well beyond negligence or gross negligence, "requires proof of a reckless disregard of the known risk." *Moore v. Duffy*, 255 F.3d 543, 545 (8th Cir. 2001). In other words, "there must be actual knowledge of the risk of harm, followed by deliberate inaction amounting to callousness." *Bryan v. Endell*, 141 F.3d 1290, 1291 (8th Cir. 1998).

First, Ellis has failed to demonstrate that, on December 24, 2014, he had an objectively serious medical need requiring a referral. From Nurse Davis's December 24th clinic notes, Ellis's primary complaint related to his right ear pain, with only a passing reference to loose stools and an upset stomach. (*Doc. 43-1 at p. 2*). In his Affidavit, Nurse Davis makes it clear that he referred Ellis to a doctor or APN to evaluate the cause for his stomach problems, which Ellis reported was caused by his taking the alpha lipoic acid supplement. (*Doc. 43-1 at p. 1*).[5] *See Christian v. Wagner*, 623 F.3d 608, 613 (8th Cir. 2010) (explaining that a medical need is objectively serious if it has been diagnosed by a physician as requiring treatment, or was so obvious that a layperson would recognize the need for a

---

[5] Nurse Davis used the "ear ache protocol" and Debrox ear drops to address Ellis's complaints of right ear pain. (*Doc. 43-3 at 1*).

physician's attention).

Ellis offers no evidence to counter Dr. Stieve's medical opinion that Ellis's upset stomach and loose stools did *not* constitute a serious medical need, especially since Ellis could have discontinued the alpha lipoic supplement at any time to cure the problem that he told Nurse Davis *he believed* was caused by taking that supplement. (*Doc. 43-1 at 2*).

However, even if the Court were to assume that Ellis had an objectively serious medical need for medical care, he clearly has failed to produce *any evidence* demonstrating that Nurse Davis was *deliberately indifferent* to his need to receive that medical treatment. Ellis's subjective belief that Nurse Davis did not act promptly enough is *not* sufficient to create a material factual dispute. To the contrary, the uncontroverted facts establish that Nurse Davis's referred Ellis to be seen by a doctor or APN *on the same day* he saw Ellis. Finally, Nurse Davis's Affidavit makes it clear that: (1) he has no idea why it took 26 days for his referral to be acted upon; and (2) he had nothing to do with causing that delay. (*Doc. 43-3*).

No evidence has been presented that Nurse Davis did anything to delay the referral after he saw Ellis on December 24th. As the Eighth Circuit explained in *Logan v. Clarke*, 119 F.3d 647, 650 (8th Cir.1997), "[a]lthough the prison doctors may not have proceeded from their initial diagnosis to their referral to a specialist as

quickly as hindsight perhaps allows us to think they should have, their actions were not deliberately indifferent." *See also Bryan v. Endell*, 141 F.3d 1290, 1291 (8th Cir.1998) (some delay in treating an inmate's broken hand, even if negligent, did not amount to deliberate indifference).

In his deposition, Ellis speculated that Nurse Davis *might* have simply forgotten to place Ellis on the referral list. *Doc. 43-2 at p. 25, 40.* Assuming this is the case, this establishes only that Nurse Davis was negligent, something "that does not rise to unconstitutional deliberate indifference." *Hartsfield v. Colburn*, 491 F.3d 394, 398 (8th Cir. 2007).

*At most*, Ellis's allegations support a claim that Nurse Gordon might have been *negligent* in not getting him medical treatment sooner. Claims of negligence fail to satisfy the higher deliberate indifference standard required to find a constitutional violation. *See Williams v. Kelso*, 201 F.3d 1060, 1065 (8th Cir. 2000) ("At best, plaintiff's proof in this appeal amounts to negligent conduct, not deliberate or willful conduct on [the jailors'] part."); *Olson v. Bloomberg*, 339 F.3d 730 (8th Cir. 2003) ("deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct.").

### III. Conclusion

Because Ellis has not produced any evidence that Nurse Davis deliberately disregarded an objectively serious medical need, Nurse Davis is entitled to summary

judgment on the inadequate medical care claim Ellis has asserted against him.

IT IS THEREFORE RECOMMENDED THAT:

Defendant Davis's Motion for Summary Judgment *(Doc. 42)* be GRANTED, and Ellis's inadequate medical care claim against him be DISMISSED, WITH PREJUDICE.

Dated this 10th day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE